IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21cv22078

**NICOLE MORALES**,

    Plaintiff,

vs.

**OVADIA LAW GROUP, P.A.** and
**ABRAHAM S. OVADIA**, individually,

    Defendants.
_____/

## COMPLAINT

**NICOLE MORALES** ("Plaintiff"), by and through the undersigned counsel, hereby sues **OVADIA LAW GROUP, P.A.** ("Ovadia Law") and **ABRAHAM S. OVADIA**, individually ("Ovadia")(collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

### PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

4. Ovadia Law is, and was, a Florida company conducting business in Miami-Dade County, Florida during the relevant period.

5. Ovadia is, and was, a corporate officer for/operator of Ovadia Law during the relevant time period. Indeed, Ovadia is the founder of Ovadia Law. Further, Ovadia controlled the business and Ovadia Law's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. Ovadia Law and Ovadia are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

7. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

**GENERAL ALLEGATIONS**

A. **Defendants' Business and Interstate Commerce**

8. The primary purpose of Ovadia Law is to provide legal services to clients regarding injury claims, PIP insurance claims, homeowners insurance Claims, and a variety of other injury-related practice areas.

9. Under information and belief, Plaintiff alleges that Ovadia Law's gross annual revenue exceeded $500,000.00 during all relevant years.

2 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

10. Ovadia Law customarily and regularly provided services to clients from outside of Florida as well as contracting with individuals and businesses across state lines.

11. At all relevant times, Ovadia Law employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

12. Upon information and belief, Ovadia Law obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

13. Ovadia Law, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

14. Ovadia Law is an employer engaged in interstate commerce and subject to the FLSA.

B. **Defendants' Employment and Failure to Properly Pay Plaintiff**

15. Plaintiff's work began on or about February 10, 2018.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

16. During her employment, Plaintiff worked in a non-exempt capacity providing web-based services for Defendants' business.

17. Plaintiff was separated from Ovadia Law in September of 2019.

18. Plaintiff, at all material times, was paid an hourly rate. During the relevant time period for this matter, Plaintiff's hourly rate was $21.60.

19. Throughout the relevant time period, while Plaintiff was generally paid some overtime wages Defendants sought to skirt the FLSA's wage & hour requirements by instructing Plaintiff to work off-the-clock for Defendants' benefit.

20. Plaintiff worked approximately forty-five hours (45) hours of overtime per week which remained fully uncompensated at the proper overtime rate.

21. Throughout the relevant time period, Defendants purposefully ignored proper timekeeping procedures to force Plaintiff to work off-the-clock.

22. Defendants willfully and intentionally failed to properly record all of Plaintiff's work hours and provide her with a proper overtime premium for each overtime hour worked.

23. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

24. Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

4 | Page

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

C. **Ovadia's Employment of, and Failure to Properly Pay, Plaintiff**

25. During the relevant period, Ovadia was the managing partner and founder of Ovadia Law. In this position, Ovadia was, at all material times, Plaintiff's manager/supervisor as well as the operator of the business.

26. During Plaintiff's employment, Ovadia provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, was responsible for recording, calculating, and paying Plaintiff's work hours, and made the decision to terminate Plaintiff from her employment.

27. Ovadia intentionally refused to pay Plaintiff all overtime wages she was owed under the FLSA.

28. Ovadia are partially or totally responsible for paying Plaintiff's wages.

29. Ovadia must be considered Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**COUNT I
OVERTIME VIOLATION BY OVADIA LAW
UNDER THE FAIR LABOR STANDARDS ACT**

30. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above as if fully set forth herein.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

31. As part of its business, Ovadia Law customarily and regularly provided services to clients from outside of Florida as well as contracting with individuals and businesses across state lines.

32. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

33. Upon information and belief, Ovadia Law obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

34. Ovadia Law, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

35. During her employment with Ovadia Law, Plaintiff worked overtime hours, off-the-clock, for which she was not compensated at a rate of no less than half her regularly rate of pay as required by the FLSA.

36. Ovadia Law did not compensate Plaintiff for her all overtime hours despite knowledge of the overtime hours Plaintiff worked.

37. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

38. In addition, Ovadia Law is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Ovadia Law under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS AGAINST ABRAHAM S. OVADIA UNDER THE FAIR LABOR STANDARDS ACT

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above as if fully set forth herein.

40. Ovadia operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

41. Ovadia scrutinized Plaintiff's work and controlled how Plaintiff did her job.

42. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

43. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

44. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

45. Ovadia did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

46. Ovadia is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Ovadia under the FLSA;

   b. Award Plaintiff actual damages for the unpaid wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff her attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 17, 2021

Respectfully submitted,

By: **/s/ J. Freddy Perera**
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com

**PERERA BARNHART ALEMAN, P.A.**
12555 Orange Drive
Suite 207
Davie, FL 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

9 | P a g e

**PERERA BARNHART ALEMÁN**
12555 Orange Drive · Suite 207 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232